UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL LEDESMA-LOPEZ, | ) | 1:07-CV-01441 OWW GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| D. SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**[1]

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of the United States District Court, District of Oregon, following his conviction by plea of guilty to one count of possessing cocaine with the intent to distribute and one count of illegal reentry of a removed alien in violation of 18 U.S.C. § 841(a)(1) and 8 U.S.C. § 1326(a). On October 20, 2000, Petitioner was sentenced to a total determinate prison term of 188 months in federal prison.

On October 3, 2007, Petitioner filed the instant petition for writ of habeas corpus (hereinafter

---

[1]This information is derived from the Petition for Writ of Habeas Corpus and Respondent's Answer to the Petition.

1  "Petition") in this Court. Petitioner seeks the expungement of disciplinary sanctions imposed by the
2  Disciplinary Hearing Officer on May 25, 2006, and restoration of his forfeited nonvested as well as
3  good conduct time in order to shorten his stay in prison.
4      On March 21, 2008, Respondent filed an answer to the petition. Petitioner filed a traverse on
5  April 14, 2008.

## DISCUSSION

I.  Jurisdiction

    A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

    In this case, Petitioner is challenging the execution of his sentence. Therefore, the Court has jurisdiction to hear the instant claims in a habeas petition pursuant to § 2241.

II.  Exhaustion

    A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas

relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Hah Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252. "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

In this case, Petitioner states he has exhausted his available remedies by pursuing all levels of administrative remedies. However, Respondent contends Petitioner has failed to exhaust his administrative remedies with respect to the relief he seeks in this petition. Petitioner was found guilty of two separate incidents. In one, he was found guilty of possessing marijuana. See Incident Report #1466285 attached as Exhibit 2 to Respondent's Answer. As a result, he was disallowed 40 days of good conduct time, he forfeited 54 days of non-vested good conduct time, and he was placed in segregation for 60 days. Id. In the second incident, he was found guilty of possessing drug paraphernalia, specifically 63 baggies commonly used to package drugs. See Incident Report #1466284 attached as Exhibit 1 to Respondent's Answer. He was disallowed 40 days good conduct time, he forfeited 135 days of non-vested good conduct time, and he was placed in segregation for 30 days. Id.

The exhibits show Petitioner has exhausted his administrative remedies with respect to the marijuana possession incident, but has failed to do so as to the paraphernalia possession incident. Therefore, Respondent is correct. In any case, the Court will address both incidents as Petitioner's claims are without merit.

III.  Review of Petition

On May 11, 2006, Correctional Officer Saldivar had just completed a walk-through of the Saguaro Housing Unit at FCI Tucson when he overheard inmate Pedro Martinez-Garcia say "Cuidado," which means "Be careful" in Spanish. See Answer, Exhibit 2. When Saldivar walked around the corner, he spotted Martinez and Petitioner standing in the area. Petitioner immediately began raking the ground when he saw Saldivar. There was a small hole and some loose dirt nearby. Saldivar took the rake from Petitioner and then searched the area. Inside a five gallon bucket, Saldivar found two coffee cans. Each can contained three bundles which were tightly wrapped with tape. Testing of the substance inside the bundles revealed it to be marijuana.

That same day at 6:00 p.m., Petitioner's cell was searched. The investigating correctional officer discovered 63 plastic bags which are most commonly used to repackage drugs for individual sales. See Answer, Exhibit 1. He also found $2,000 worth of commissary items even though Petitioner had only spent $200 in the commissary in the last 6 months.

On May 25, 2006, both cases were heard before Disciplinary Hearing Officer Charles Reed. See Answer, Exhibit 2. As to the marijuana possession charge, Petitioner acknowledged being given advanced written notice of the charge two weeks prior; he acknowledged he was advised of his rights; he waived the right to a staff representative; he did not request any witnesses; and he did not present any documentary evidence.  He was found guilty and sanctioned with 40 days loss of good time credits, 54 days loss of non-vested good time credits, and 60 days segregation. As to the paraphernalia possession charge, he again acknowledged being given advanced written notice of the charge two weeks prior; he was advised of his rights; he waived the right to a staff representative; he did not request any witnesses; and he did not present any documentary evidence. He was found guilty and assessed a loss of 40 days good conduct credit time, 135 days of non-vested good conduct credit time, loss of visitation rights for 12 months, loss of commissary for 1 year, and loss of telephone privileges for 1 year.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a

prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

It is clear Petitioner's due process rights were met. He was given two weeks advance written notice of the charges. He was given an opportunity to call witnesses and present evidence, which he chose not to do. Last, despite Petitioner's arguments to the contrary, he was provided a written statement by the factfinder of the Disciplinary Hearing Report. The report regarding the paraphernalia possession charge was provided to Petitioner on June 8, 2006. The report regarding the narcotics possession charge was delivered to Petitioner on June 8, 2006, and redelivered on June 12, 2006.

Petitioner argues that the hearing officer "did not met [sic] his burden of proof to find Petitioner guilty as charged of 'possession' of marijuana without a reasonable doubt." See Petition at 3-D. As set forth above, the "beyond a reasonable doubt" standard is not applicable in this case. Due process requires only that "some evidence" support the hearing officer's decision. Hill, 472 U.S. at 455. In this case, there was at least some evidence to support both decisions. An eyewitness heard inmate Martinez warn Petitioner in Spanish. When Petitioner spotted the officer, he immediately began raking a hole. A bucket located in the area contained coffee cans which in turn contained packaged marijuana. No other inmates were located nearby. The search of Petitioner's cell uncovered 63 plastic baggies which are most commonly used to repackage drugs, and $2,000 worth

U.S. District Court
E. D. California         cd                                          5

of commissary items even though Petitioner had only purchased $200 worth of items in the last 6 months.

In sum, all due process requirements were satisfied and the guilty finding was supported by "some evidence." Accordingly, Petitioner's claims are without merit and the petition should be denied.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that:

1) The petition for writ of habeas corpus be DENIED; and

2) The Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 25, 2008             /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE